McGREGOR W. SCOTT
United States Attorney
AMY SCHULLER HITCHCOCK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>      v.<br><br>JOHN MICHAEL HERRON II, and<br>ROBERT JOSEPH MAHER,<br><br>               Defendants. | CASE NO. 2:18-CR-00058-JAM<br><br>[PROPOSED] ORDER GRANTING UNITED STATES' MOTION FOR PROTECTIVE ORDER |

**[PROPOSED] FINDINGS AND ORDER**

The Court, having read and considered the United States' Motion for Protective Order (hereinafter, the "Motion") (ECF 30), the defendants' Response to the Motion (hereinafter, the "Response") (ECF 33 and 34), and the United States' Reply in support of the Motion (ECF 35), and having heard and considered the arguments of the parties during the August 22, 2018 hearing, for the reasons stated on the record and below, hereby finds and orders the following:

I.    <u>THERE IS GOOD CAUSE TO ENTER THE PROTECTIVE ORDER</u>

There is good cause to enter the Protective Order, attached hereto, pursuant to Federal Rule of Criminal Procedure 16(d), Local Rule 141.1, and the Court's general supervisory authority. *See* Fed. R. Crim. P. 16(d) ("At any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."); *see also Alderman v. United States,* 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under

1  enforceable orders against unwarranted disclosure of the materials which they may entitled to inspect.");

2  *Bittaker v. Woodford,* 331 F.3d 715, 726 (9th Cir. 2003) ("The power of courts... to delimit how parties

3  may use information obtained through the court's power of compulsion is of long standing and well-

4  accepted.")

5      The government has represented, and the defendants do not contest, that the discovery in this

6  case contains the personal identifying information (PII) and other confidential information of real

7  persons, including, among other things, personal names, addresses, birth dates, Social Security numbers,

8  employers, and bank account numbers. The real persons are victims, witnesses, or otherwise third

9  parties to this case.

10     Unauthorized, or even inadvertent, dissemination of the PII of the victims, witnesses, and third

11  parties to this case would harm the privacy rights of these individuals, and likely cause further emotional

12  and economic harm. As charged in the Indictment (ECF 1), the individuals whose PII is contained in the

13  discovery materials have already suffered the emotional and economic harm of having fraudulent

14  unemployment insurance claims filed in their names, using their personal information, without their

15  permission. Further dissemination would compound the consequences of this crime. Moreover, the PII

16  itself could be used, sold, or traded to cause further economic harm to the victims, as the PII could be

17  used to file further fraudulent insurance and tax claims, overtake bank accounts, open credit cards, or

18  otherwise be employed in criminal activity implementing stolen identities. If the PII contained in the

19  discovery is disseminated, there is a real risk of further harm to the victims, witnesses, and third parties

20  in this case.

21     The government has represented, and the defendants do not contest, that PII contained in the

22  discovery materials is voluminous and pervasive, making redaction impractical. Furthermore, the PII

23  contained in the discovery materials has evidentiary value. If the government were to attempt to redact

24  this information, defense counsel would receive a set of discovery that would be difficult to interpret and

25  understand, may be confusing, and would inhibit preparation for trial and/or prompt and just resolution

26  of this case.

27     A protective order is needed to prevent the unauthorized dissemination, distribution, or use of the

28  materials containing the PII of otherwise, to ensure that victims in this case are afforded their statutory

right to dignity and privacy, and to protect against further economic, physical, and emotional harm to the victims, witnesses, and third parties. *See* 18 U.S.C. §§ 3771(a)(8), (b)(1), (c)(1); *see also Alderman*, 394 U.S. at 185 (courts should seek to ensure that disclosure of discovery materials to a defendant "involve[s] a minimum hazard to others"); Fed. R. Crim. P. 16, Advisory Committee Notes to 1974 Amendment ("Although the rule does not attempt to indicate when a protective order should be entered it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed.")

## II.   THERE IS GOOD CAUSE TO ENTER THE CONTESTED PROVISIONS

Prior to the government filing its Motion, the parties engaged in efforts to meet and confer. The parties agreed that there is good cause to enter a protective order in this case, and agreed to substantially all provisions in the Protective Order, except for two provisions, Paragraphs 13 and 19, to which defense counsel objected as potentially violating ethical obligations. Having considered the briefing and arguments regarding these provisions, the Court finds good cause to enter the provisions, for the reasons stated on the record August 22, 2018, and below.

### A.   There Is Good Cause to Require Notification of Third Party Requests

Paragraph 13 of the Protective Order provides that Defense Counsel, as defined therein, shall advise the government, with reasonable notice, of any third party requests or claims to the materials containing the PII and confidential information of the victims, witnesses and third parties. Defense counsel objected to this provision because it potentially violates California State Bar Rules, specifically California Rule of Professional Conduct 3-100, prohibiting an attorney from revealing confidential information. *See* Response at p.2.

Paragraph 13 does not violate Rule 3-100, because the ethical principle of confidentiality set forth in Rule 3-100 is subject to court order.[1] The State Bar has recognized the obligation set forth in Rule 3-100 is not unlimited. There are "several important (but narrowly construed) limitations on the duty of confidentiality imposed by the lawyer's other legal and ethical obligations and duties.

---

[1] Because the Court finds that any ethical obligations set forth in Rule 3-100 are subject to court order, the Court does not now reach the issue of whether the protected information or discovery materials are "confidential" information protected from disclosure by Rule 3-100.

Disclosures may be permitted, or even compelled, in certain circumstances." Cal. Prac. Guide Prof. Resp. Ch. 7-B, Section 7:85. One of the circumstances specifically delineated is when a court orders disclosure. *See* Cal. Prac. Guide Prof. Resp. Ch. 7-B, Section 7:85 (setting forth a dozen instances in which disclosure of confidential information is permitted, including "court-ordered disclosures."); Cal. Prac. Guide Prof. Resp. Ch. 7-B, Section 7:103 ("It is doubtful an attorney would be disciplined for obeying a final court order mandating disclosure of client information.")

Once a court order is in place, defense counsel is obligated to comply with that order. *See* Cal. Bus. & Prof. C. § 6103 ("An attorney may be suspended or disbarred for willfully disobeying or violation a court order."). The California ethical rules understood that there are circumstances, such as this one, where a court may balance interests and order disclosure of information otherwise protected. Thus, Rule 3-100 does not prohibit compliance with a protective order.

The provision contained in Paragraph 13 is necessary to protect against unwarranted dissemination of PII of victims and witnesses in this case, and the law requires that the courts and the parties protect this information. The government's Motion set forth plausible scenarios in which a third party request could undermine the purposes of the Protective Order and cause harm to the third parties in this case. It is not reasonable to require the court, the government, and the third parties' to rely solely on defense counsel to protect its interests in the face of a third party request. Defense counsel's speculative concerns, in contrast, can be addressed by seeking modification or review of the court as necessary. The provision presents only a minimal burden to the defendants.

The proposed provision is limited, tailored to the needs and circumstances of this case, reasonable, and necessary to protect unwarranted dissemination of PII of victims and witnesses.

B.   **There Is Good Cause to Require Return, Destruction, or Notice of Intent to Maintain the Protected Materials at the Conclusion of the Case**

Paragraph 19 of Protective Order governs the treatment of the PII and confidential information after the conclusion of the case, including the exhaustion of direct and collateral appellate proceedings. It provides that Defense Counsel shall return to the government or destroy the Protected Materials, or in the alternative, seek a modification to maintain the Protected Materials for a longer term. Defense counsel contended that this provision violates a 1983 State Bar Opinion interpreting California Rule of

Professional Conduct 3-700. *See* Response at pp. 2:1-3, 4-5.

The State Bar Opinion relied on by defense counsel is not controlling here. State Bar Formal Opinion No. 2001-157, interprets in relevant part Rule 3-700(D)(1), which provides that terminated counsel shall: "Subject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property." Cal. R. Prof. R. 3-700(D)(1). Thus, the plain language of Rule 3-700 contemplates that courts issue protective orders and California attorneys comply with them. Formal Opinion No. 2001-157 does not say otherwise; it does not appear to address materials subject to a protective order.[2]

In balancing the various interests, there is good cause to enter Paragraph 19. Its requirements are important to ensure against unwarranted or inadvertent dissemination of the victims' and witnesses' PII. The risk of the PII being disseminated increases with the passage of time, the retirement of counsel, the exchanging of hands, the moving of materials, and all other transitions incident to lifetime storage. The provision also appropriately accommodates the purpose of the protected materials, which, as set forth elsewhere in the Protective Order, are provided for the purpose of the criminal litigation, and should not be needed after full exhaustion of appellate and collateral proceedings.

In contrast, the burden to the defendant is minimal. The proposed provision allows defense counsel to seek a modification if extraordinary circumstances arise that warrant retention of the files beyond the full exhaustion of their use in this criminal case. Paragraph 19 is reasonable and ensures that in such circumstances the parties and the court will be able to fashion measures and limitations as needed such a case to ensure the security of the protected information.

///

///

///

///

//

---

[2] Because the Court finds that Rule 3-700 explicitly recognizes the power of a court order to supersede its mandates, the Court does not now reach the issue of whether the protected information or discovery materials are "client papers and property" for purposes of Rule 3-700.

This provision, which is routine in criminal cases involving sensitive information, appropriately balances the interests in this case, and there is good cause to so enter.

IT IS SO FOUND AND ORDERED this 13th day of September, 2018

_____
THE HONORABLE EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE